O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ANNE MARIE PRICKETT,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>                    Defendant. | Case No. EDCV 09-1826-MLG<br><br>MEMORANDUM OPINION AND ORDER |

     Plaintiff Anne Marie Prickett seeks judicial review of the
Commissioner's final decision denying her application for Supplemental
Security Income ("SSI") benefits under Title XVI of the Social Security
Act. 42 U.S.C. § 1381 *et seq.* For the reasons set forth below, the
decision of the Administrative Law Judge ("ALJ") is affirmed.

**I.   Background**

     Plaintiff was born on October 24, 1961. (Administrative Record
("AR") at 33.) She has a GED with no additional formal educational or
vocational training. (AR at 24.) Plaintiff was previously employed as a
cashier. (AR at 135.) Plaintiff filed an application for SSI benefits on

1  January 26, 2006, alleging that she has been disabled since October 1,
2  2001, as a result of bipolar disorder with psychotic feelings and skin
3  cancer. (AR at 120, 137.)

4      Plaintiff's application was denied initially on April 27, 2006, and
5  upon reconsideration on December 15, 2006. (AR at 58-62, 65-69.) An
6  administrative hearing was held on October 22, 2008, before ALJ Jay E.
7  Levine at which Plaintiff was represented by attorney Lee Condo. (AR at
8  18-47.) Plaintiff testified at the hearing (AR at 21-40), as did
9  Vocational Expert ("VE") Troy Scott (AR at 44-45).

10     On June 12, 2009, ALJ Levine denied Plaintiff's application for
11 benefits. (AR at 5-17.) The ALJ found that the Plaintiff had not engaged
12 in substantial gainful activity during the period at issue. (AR at 10.)
13 The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the
14 medical evidence established that Plaintiff suffered from the following
15 severe impairments: chronic obstructive pulmonary disease, bipolar
16 disorder, and a history of polysubstance abuse in remission. (Id.)
17 However, the ALJ concluded that Plaintiff's impairments did not meet, or
18 were not medically equal to, one of the listed impairments in 20 C.F.R.,
19 Part 404, Subpart P, Appendix 1. (Id.) The ALJ found that Plaintiff
20 retained the "residual functional capacity to perform medium work as
21 defined in 20 CFR 416.967(c), except the claimant is precluded from
22 working at heights and on dangerous machinery; she should work in a
23 clean air environment; she can do entry level work but should work with
24 things rather than people and she is precluded from fast paced work."
25 (AR at 11.) The ALJ concluded that Plaintiff's impairments prevent her
26 from performing her past relevant work. (AR at 16.) However, the ALJ
27 found that there were jobs that exist in significant numbers in the
28 national economy that Plaintiff could perform (20 C.F.R. 416.960(c),

2

416.966), such as dishwasher, house cleaner, and dry cleaning work. (Id.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On August 22, 2009, the Appeals Council denied review (AR at 1-3) and Plaintiff timely commenced this action for judicial review. On April 13, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly consider the rating of functional limitations assessed by the State Agency physician; (2) failing to properly consider the State Agency findings from the mental residual functional capacity assessment; (3) failing to rely upon substantial evidence in determining Plaintiff's mental impairments; and (4) failing to pose a complete hypothetical to the VE. (Joint Stp. at 2-3.) Plaintiff seeks a reversal of the Commissioner's denial of her application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 18.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 19.)

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a

scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

  **A.  The ALJ Properly Considered the State Agency Physician's Report**

Plaintiff contends that the ALJ improperly disregarded the report of Dr. H. Amado, one of the reviewing State Agency physicians. (Joint Stp. at 3-4). More specifically, Plaintiff claims that the ALJ erred by failing to address certain functional limitations found by Dr. Amado. (Id.) In the section of the Mental Residual Functional Capacity ("MRFC") form entitled "Rating of Functional Limitations," Dr. Amado found that Plaintiff had a moderate degree of limitation in the areas of activities of daily living, maintaining social functioning, and in maintaining concentration, persistence or pace. (AR at 246.)

The ALJ properly analyzed the entire medical record and concluded that Plaintiff retained the RFC to do most entry level work. (AR at 11, 16.) This finding was supported by the opinion of the consultative examiner, Dr. Charlene K. Krieg, Ph.D. On February 2, 2009, Dr. Krieg reviewed Plaintiff's medical records, examined Plaintiff, and administered various psychological tests. (AR at 410-415.) Dr. Krieg

4

concluded that, as long as Plaintiff was compliant with medication and treatment for her depressive disorder and did not abuse drugs or alcohol, there was "no impairment that would interfere with her ability to complete a normal workday or workweek." (AR at 415.) The ALJ gave the "greatest weight" to the report of the consultative examiner, Dr. Krieg, as she "was able to review the medical records, as well as interview, observe, test and perform a mental status evaluation on the claimant." (AR at 15, 410-418.) The ALJ properly relied on the report of the consultative examiner. It is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine the credibility of medical sources. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989).

Further, the ALJ properly relied on the opinions of the State Agency physicians, which the ALJ found were consistent with the conclusion of the consultative examiner, Dr. Krieg. (AR at 15.) Each of the three reviewing State Agency physicians, including Dr. Amado, determined that Plaintiff did not have any significant impairment which would preclude her from working. (AR at 232-249, 294, 295.) A non-examining physician's opinion can constitute substantial evidence when supported by other evidence in the record. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 2000).

The ALJ appropriately considered the opinion of the reviewing State Agency physician, Dr. Amado, and found it consistent with that of the consultative examiner. (AR at 15.) The ALJ's failure to mention a minor portion of Dr. Amado's report is not fatal to his decision. The ALJ is not required to address every detail of the State Agency physician's report or every piece of evidence in the record in reaching a disability determination. *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012

(9th Cir. 2003). The ALJ provided ample specific and legitimate reasons, supported by substantial evidence in the record, for finding that Plaintiff was not disabled. Accordingly, the Court finds that this issue is without merit.

**B.   The ALJ Properly Considered the Mental Residual Functional Capacity Assessment by the State Agency Physician**

Plaintiff claims that the ALJ erred by failing to properly weigh the fact that the State Agency physician, Dr. Amado, determined that Plaintiff was "moderately limited" in six of twenty activities. (AR at 232-233.) In Section I, the "Summary Conclusions" section of the MRFC, Dr. Amado concluded that Plaintiff was moderately limited in her ability to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek and perform at a consistent pace; interact appropriately with the general public; and respond appropriately to changes in the work setting. (Id.)

As discussed in detail above, the ALJ properly relied on the findings of the consultative examiner and the State Agency physicians in determining that Plaintiff retained the RFC to perform unskilled work. Further, the ALJ specifically addressed Dr. Amado's findings, noting that the reviewing physician found that "the claimant was not significantly limited in 14 of the 20 areas and only moderately limited in six areas." (AR at 15, 232-234.)

Moreover, the Summary Conclusions found in the first section of the MRFC, including any finding of a "moderate limitation," is not itself an assessment of the claimant's RFC. The final assessment of RFC is found in Section III of the MRFC. In this section and in Section IV of the Psychiatric Review Technique form, Dr. Amado concluded, based on his

review of the entire medical record, that Plaintiff retained the RFC to perform the full range of unskilled work. (AR at 234, 248.) As noted before, this RFC assessment was consistent with that of the consultative examiner and was properly relied on by the ALJ in concluding that Plaintiff was not disabled under the Social Security Act. (AR at 15.) Therefore, the Court finds this claim is without merit.

**C.**   **The ALJ's Determination of the Plaintiff's Mental Impairments Is Based Upon Substantial Evidence**

Plaintiff contends that the ALJ erred in concluding that Dr. Amado's opinion was consistent with the consultative examiner's because Dr. Amado found that Plaintiff was moderately impaired in six functional areas while the consultative examiner found that Plaintiff had no functional limitations at all. (Joint Stp. at 12-13, AR at 416-417.)

As discussed above, the ALJ properly determined that the reports of the State Agency physicians were consistent with that of the consultative examiner, Dr. Krieg. (AR at 15.) All three of the State Agency physicians, as well as the consultative examiner, concluded that Plaintiff was able to perform the full range of unskilled work and was therefore not disabled under the Social Security Act. (AR at 234, 248, 294, 295, 415.) Therefore, contrary to Plaintiff's contention, the ALJ properly determined that Dr. Amado's opinion was consistent with that of Dr. Krieg. Accordingly, Plaintiff is not entitled to relief on this claim.

**D.**   **The ALJ Posed a Complete and Proper Hypothetical to the Vocational Expert**

Plaintiff contends that the ALJ posed a legally insufficient hypothetical to the VE because it did not include each of Plaintiff's particular limitations and restrictions, specifically the findings by

7

Dr. Amado in the MRFC that Plaintiff had moderate limitations in six of twenty functional areas and that Plaintiff had a moderate degree of limitation in the areas of activities of daily living, maintaining social functioning, and in maintaining concentration, persistence or pace. (Joint Stp. at 15; AR at 232, 246.)

At the hearing, the following exchange occurred between the ALJ and the VE:

Q:   Assume a hypothetical individual of claimant's age, education, prior work experience. Assume this person is restricted to a medium range of work; no work on dangerous machinery; no work on unprotected heights; no industrial level fumes, gases, particulates, another way I state that is requires a relatively clean air environment; and this person would be restricted to entry level work and working with things rather than people; also no fast-paced work such as a conveyor belt or piecework. All right. First question is could such a hypothetical individual perform claimant's past work?

A:   No, Your Honor.

...

Q:   Is there other work in the regional or national economy such a person could perform?

A:   Yes.

...

Q:   Hypothetical two: assume a hypothetical individual same restrictions as in one, this person would be off-task, at least, 20 percent of the time due to psychological based symptoms. Any work?

8

1    A:   No.

2    (AR at 44-45.)

3    One way for the Commissioner to show that a Social Security

4 claimant can engage in substantial gainful activity is to pose a

5 hypothetical to a vocational expert that reflects all of the claimant's

6 limitations. The ALJ is not required to include in the hypothetical to

7 the VE limitations that he did not find to exist. *See Rollins v.*

8 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included

9 all of the limitations that he found to exist, and because his findings

10 were supported by substantial evidence, the ALJ did not err in omitting

11 the other limitations that [Plaintiff] had claimed, but had failed to

12 prove."); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-1165 (9th

13 Cir. 2001) ("An ALJ is free to accept or reject restrictions in a

14 hypothetical question that are not supported by substantial evidence.").

15    Here the ALJ included all of the limitations that he found to

16 exist, each of which was supported by the opinions of the consultative

17 examiner and the State Agency physicians, as discussed in detail above.

18 *See Magallanes v. Bowen*, 881 F.2d 747, 757 (9th Cir. 1989) ("The

19 limitation of evidence in a hypothetical is objectionable 'only if the

20 assumed facts could not be supported by the record.'") (*quoting Sample*

21 *v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982)). There was no error in

22 the hypothetical question the ALJ posed to the VE. Plaintiff is

23 therefore not entitled to relief on this claim.

24 //

25 //

26 //

27 //

28 //

9

**IV.    CONCLUSION**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case be dismissed with prejudice.

DATED: April 20, 2010

_____
Marc L. Goldman
United States Magistrate Judge

10